UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ADRIAN ROBERT JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00064-HEA |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Adrian Robert Jackson, an inmate at the Western Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.59. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based on a review of the complaint, the Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified copy of his prison account statement for the time period of March 26, 2023 to September 26, 2023. Based on this statement, the Court finds that plaintiff has an average monthly deposit of $122.96. As a result, the Court will require plaintiff to pay an initial partial filing fee of $24.59, which is 20 percent of his average monthly deposit. 28 U.S.C. § 1915(b)(2).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a compliant filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action on a court-provided prisoner civil complaint form for filing claims pursuant to 42 U.S.C. § 1983. At the time of the events alleged in the complaint, he was incarcerated at the Moberly Correctional Center. He names as defendants the Missouri Department of Corrections, Myles Strid, Ronda L. Wood (Correctional Officer II), Jamie Prentzler (Head Investigator), Sheila Kennedy (Investigator), and Jay Arends (Investigator). He sues defendants in their individual capacities only.

Plaintiff states that on April 25, 2023, he was stopped for a pat search by Correctional Officer Ronda L. Wood. He states Ms. Wood found "a ball of tissue in my sock." When asked what the tissue was for, plaintiff said that he suffered severe allergies and the grass was being cut. Ms. Wood handcuffed plaintiff and called for another officer. Plaintiff was taken to the chow hall where he was strip searched, then he was taken to administrative segregation. He was read his *Miranda* rights and given a conduct violation for possession of a controlled substance.

On April 27, 2023, plaintiff was found guilty of a conduct violation for possession of a controlled substance. A Nartec field test kit was run on the tissue and it tested positive for methaqualone. As a result of this conduct violation, the hearing officer ordered plaintiff to serve 10 days in disciplinary segregation and 30 days on "no visit" status. Additionally, plaintiff's release date was moved from January 30, 2024 to September 26, 2024.

Plaintiff asserts that his due process rights were violated when he was issued this conduct violation. He states that defendants Prentzler, Kennedy, and Arends failed "to show any evidence showing that the tissue was drugs." Plaintiff also states that his conduct violation report did not include the identity of the person in the investigation unit who tested the tissue.

For relief, plaintiff seeks compensatory damages of $25,000 against each defendant, punitive damages of $1,000 for each day his incarceration was extended, and he seeks the return of his earlier release date.

## Discussion

Plaintiff brings this § 1983 civil action alleging that his right to due process was violated when he received a conduct violation for possession of a controlled substance without any laboratory test to confirm the substance was drugs. As a result, plaintiff states that the parole board pushed back his release date from January 30, 2024 to September 26, 2024. He was also placed in disciplinary segregation for 10 days and was on "no visit" status for 30 days. For the reasons discussed below, plaintiff's complaint will be dismissed without prejudice for failure to state a claim.

The determination of whether prison officials denied an inmate due process involves a two-step inquiry. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"). Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined. *Williams*, 662 F.3d at 1000.

As life or property is not involved in this case, plaintiff must demonstrate that a liberty interest is at stake. "Protected liberty interests may arise from two sources – the Due Process Clause itself and the laws of the States." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). When an inmate is deprived of privileges or placed in special confinement status as punishment for past misconduct, due process requires a hearing beforehand. *Brown-El v. Delo*,

969 F.2d 644, 647 (8th Cir 1992). Due process requirements include written notice of the charge; a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action; the right of the inmate to be present, call witnesses, and present documentary evidence; and, in limited situations a counsel substitute. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).

Based on the exhibits to plaintiff's complaint, he received written notice of his charge and received a hearing on his conduct violation. (ECF Nos. 1-1 and 1-2). Plaintiff has attached his conduct violation report as Exhibit 1 to his complaint. The violation report states that an officer "took the item in the glove to [the] investigation unit where it was test[ed] with [a] Nartec field test kit. It turned positive for methaqualone." *Id.* at ECF No. 1-1.

Based on plaintiff's corrective action report, plaintiff had a hearing on April 27, 2023 and at least one witness was called. (ECF No. 1-2). The witness confirmed that the "tissue paper was field tested and yielded a positive result for methaqualone." *Id.* Plaintiff participated in a corrective hearing and was found guilty of the conduct violation. *Id.* The hearing officer recommended that he receive 10 days of disciplinary segregation and 30 days of no visits. Plaintiff signed the corrective action report and indicated that he was informed of the evidence relied on and the findings and recommendations. *Id.* Based on these exhibits, the Court finds plaintiff was afforded due process throughout the disposition of his conduct violation.

The only complaint plaintiff makes regarding the prison disciplinary process is that he should have received a second toxicology test on the tissue to confirm the violation for possessing drugs. Plaintiff's desire to have a second toxicology test performed on the tissue does not state a plausible claim for violation of his due process rights. "Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." *Spence v. Farrier*, 807 F.2d

753, 756 (8th Cir. 1986). As such, due process is satisfied as long as "some evidence supports the decision by the prison disciplinary board." *Id*.

Because there was some evidence to support the disciplinary findings against plaintiff, due process has been satisfied. For this reason, plaintiff's complaint against defendants must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $24.59 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 4]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 8th day of March, 2024

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE